■ In the Matter of CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Appellant, against CITY SCHOOL DISTRICT OF THE CITY OF KINGSTON et al., Respondents.— Appeal from an order of the Supreme Court, Ulster County, dismissing a petition in a proceeding under article 78 of the Civil Practice Act to compel the respondents to include amounts in the next budget for the City School District of the City of Kingston for tax refunds owed to the petitioner. The petitioner challenged its tax assessments in School Districts No. 6 and 7 in the Town of Esopus for the years 1952–54. As a result, it was decided that there had been an over assessment and a reduction was ordered. The appellant's claims for refunds were audited and allowed by the school districts in question in December, 1958. On January 1, 1959 these districts were consolidated with the respondent City School District for the City of Kingston. Thereafter the appellant sought to have the amounts due it for tax refunds included in the respondent's budget and when that was not done this proceeding was instituted. The consolidation here involved took place under subdivision 15 of section 1526 of the Education Law which provides that such consolidations are subject to the provisions of sections 1514, 1517 and 1518 of the Education Law. Section 1517 provides in part that "the indebtedness of any such district evidenced by bonds or notes or relating to school building construction shall thereupon become a charge upon the enlarged district formed by such annexation or consolidation." The indebtedness here involved, as pointed out by the court below, is not of the kind referred to in the above section. Section 1518 provides in part that, "Though a district be dissolved, it shall continue to exist in law, for the purpose of providing for and paying all its just debts, except as provided in section fifteen hundred seventeen". Thus clearly indicating that only certain kinds of indebtedness are taken over by the enlarged district and that the dissolved (here consolidated) districts remain in existence for the payment of all other debts such as the tax refunds owed to the petitioner. The petitioner points to section 1514 which states: "When two or more districts shall be consolidated into one, the new district shall succeed to all the rights of property possessed by the annulled districts." It then argues that since the respondent school district took over all the property rights of School Districts No. 6 and 7 of the Town of Esopus and since these districts turned over more than enough money to cover the debts owing to petitioner that the respondent school district should be held to have assumed that debt. It would seem that school districts being consolidated should use their assets to pay off any indebtedness not being taken over by the enlarged district under section 1517 and that any assets left after the paying of such debts would be the "rights of property" to which the "new districts" succeeded. The question of whether School Districts No. 6 and 7 can recover funds from the respondent district to meet

the indebtedness which remains theirs under sections 1517 and 1518 is, of course, not involved in the present case. Order unanimously affirmed, with $10 costs to the respondents. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.